**AFFIDAVIT OF SPECIAL AGENT GREGORY SQUIRE IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Gregory D. Squire, being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been employed as a Special Agent of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) since 2007, and am currently assigned to the Boston Field office. As part of my duties, I am authorized to investigate violations of the laws of the United States, including but not limited to criminal violations relating to the sexual exploitation of children, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. For the past five years I have specialized in dark web investigations, with a focus on child sexual abuse and child pornography websites. I am an active member of a multinational, multi-agency working group that coordinates national and international operations to combat child exploitation on the dark web and to rescue children from abusers who are active on the dark web. As an agent in the Boston Field Office, I frequently participate in the execution of search warrants involving child exploitation and pornography, and I work closely with HSI forensic specialists throughout these investigations and prosecutions.

2. I submit this affidavit in support of a criminal complaint charging Paul BATEMAN, YOB 1973, of Bridgewater, Massachusetts, with one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This

affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

4. On December 12, 2019, at approximately 6:00 a.m., HSI agents, with the assistance of state and local law enforcement, executed a federal search warrant authorizing them to search a residential address located in Bridgewater, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

5. Paul BATEMAN was present in the home. He was advised of and executed a written waiver of his *Miranda* rights and agreed to speak with agents on scene. The interview was recorded; unless otherwise indicated, all statements set forth below are summary in nature.

6. BATEMAN admitted to agents that he had visited child pornography websites for the past 10-15 years, where he accessed and downloaded images and videos of child pornography. BATEMAN informed agents that he downloaded images as recently as last week and further stated that he was a collector of images. He also admitted to using the dark web to access and obtain child pornography.

7. During the course of the search, BATEMAN directed agents to an external hard drive located in a desk drawer within his home office. BATEMAN admitted that it was his hard drive, and further stated that the hard drive was encrypted and that there was an encrypted container on the hard drive where the child pornography was stored. When asked for the password to the hard drive, he stated that agents needed to use a software program called KeyPass to generate a random password. With BATEMAN's consent, agents used the

KeyPass application on BATEMAN'S desktop computer and were able to enter the password and decrypt the hard drive.

8. Agents then conducted an on-scene preliminary forensic review of the hard drive. BATEMAN assisted agents with locating the child pornography. During the review, agents observed at least hundreds of images and videos depicting child pornography. The images and videos were organized in folders whose titles included the names of known child pornography series.

9. Included among the child pornography files were the following videos[1]:

   a. 11 yo bondage,spanking,bdsm.mp4: A video file that is approximately 12 minutes and 31 seconds in length, which depicts a prepubescent female child who is in restraints and wearing lace thigh high stockings. The female child is supine and face down on a bed. She is also wearing a mask covering her eyes and has a ball gag in her mouth. In the course of the video, an adult can be seen spanking her, focusing the camera on her genitals, and inserting objects and his penis into her vagina and anus. I know that this video is from a known child pornography series.

   b. Clean_BD Play (4)avi: A video file that is approximately 1 minute and 43 seconds in length that depicts a female child with minimal breast development and no pubic hair lying supine on her back on a bed. She is wearing a mask over her eyes and is wearing a head restraint that prohibits the child from closing her mouth, and her wrists are bound. She is completely nude and her genitals are a focal point of the image. In the course of the video, an adult places clothespins on her nipples and

---

[1] Screen shots from the videos are available for the Court's review.

        uses a wand with tassels to touch different parts of her body. I know that this video is from a known child pornography series and is available on the dark web.

10. The hard drive is currently being transported to the HSI forensic lab. Analysis remains ongoing.

## CONCLUSION

11. Based on all of the foregoing information, I submit that there is probable cause to believe that:

    a. On various dates between on or about December 12, 2018 and December 12, 2019, BATEMAN knowingly received, and attempted to receive, any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

b. on or about December 12, 2019, BATEMAN knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_____
Special Agent Gregory D. Squire
Homeland Security Investigations

SUBSCRIBED and SWORN to before me on December 12, 2019.

_____
HONORABLE DAVID H. HENNESSY
CHIEF UNITED STATES MAGISTRATE JUDGE

I have reviewed the screen shots referenced in Paragraph 9 above, and I find probable cause to believe that the screen shots depict minors engaged in sexually explicit conduct. The Affiant shall preserve said images for the duration of the pendency of this matter, including any relevant appeal process.

_____
HONORABLE DAVID H. HENNESSY
CHIEF UNITED STATES MAGISTRATE JUDGE

-

5