UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.    )<br>)<br>PAUL BATEMAN )  | Docket No.: 20-cr-10012-IT-1 |

### Non-Opposed Motion to Amend Order Setting Conditions of Release to Permit New Residency Location

Paul Bateman, through counsel, moves this court for its order amending the Order and Conditions of Release issued on December 19, 2019 [Dkt. 9] to permit a change of residence location. Mr. Bateman is currently required to reside at his parents' home. For reasons detailed below, Mr. Bateman requests that this condition be amended to permit his residence at his marital home at the time of his arrest, in Bridgewater, MA. Undersigned has conferred with the Government and Mr. Bateman's assigned probation officer. Both the government and probation are in agreement with the modification.

### Background

1. The indictment in this case charges Mr. Bateman with one count of Receipt of Child Pornography (18 U.S.C. § 2252A(a)(2)(A)) and one count of Possession of Child Pornography (18 U.S.C. § 2252A(a)(5)(B)).

2. Law enforcement arrested Mr. Bateman on December 12, 2019 on the complaint in this case.

3. A detention hearing occurred on December 17, 2019. [Dkt. 5].

4. On December 19, 2019, this Court signed the Order and Conditions of Release, directing that Mr. Bateman be released from custody on the following special conditions:

   a. Submit to supervision by and report for supervision to the Probation/Pretrial Services as directed;

   b. Continue or actively seek employment;

   c. Not obtain a passport or other international travel document;

   d. Maintain residence at parents' home with travel restricted to District of Massachusetts;

   e. Not possess a firearm, destructive device, or other weapon;

   f. Not use alcohol excessively

   g. Not use or unlawfully possess a narcotic drug or other controlled substance as defined in U.S.C. § 802, unless prescribed by a medical practitioner;

   h. Participate in a location restriction program of home detention, restricted to residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations or other activities approved in advance by the pretrial services office or supervising officer;

   i. Submit to location monitoring by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided including pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer;

   j. Report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops;

   k. Additional special conditions relating to internet-capable devices in parents' residence in Attachment A.[1]

---

[1] "Court is releasing the Defendant to his parents' home; the 2 computers there are password protected, desktop computer is in a locked office, the father's iPad will be taken with Defendant's father when he leaves and be password protected; no work in IT of any kind, or any position where he has unsupervised contact with children under 18 years old; Probation to

5. In addition to the Conditions of Release, Mr. Bateman's appearance and performance is secured by a bond of $50,000, with $10,000 cash deposited with the Court. [Dkt. 9].

6. With permission of Mr. Bateman's assigned probation officer, he has obtained employment at Muckey's liquor store in Lakeville where he works stocking and operating a cash register for 40 hours per week.

7. With permission of Mr. Bateman's assigned probation officer, he has had contact with his wife for the purpose of preparing the marital home for possible sale (no longer anticipated).

8. During Mr. Bateman's permissible contact with his wife, the couple have begun to reconcile the marriage. In the aftermath of Mr. Bateman's arrest, his wife did not desire for him to return to the marital property in Bridgewater. For this reason, Mr. Bateman proposed, and the Court ultimately approved, a residence at Mr. Bateman's parents' house. Since that time, the couple has reconciled to a degree that Mr. Bateman's wife is in agreement with his residence at the marital property.

9. Mr. Bateman's arrest occurred at the marital property. In conjunction with his arrest, law enforcement thoroughly searched the residence pursuant to a search warrant and

---

determine job appropriateness; location monitoring; home detention permission to leave only for Probation approved reasons; maintain residence at parents' home; no direct or indirect contact with any one under 18 or to go anywhere where they may be (schools, parks, playgrounds, libraries, fast food restaurants); Defendant is not to access the internet or possess any computer or other device capable of connecting to the internet; al(l) devices capable of assessing (sic) the internet must be password protected and Defendant shall have no access to them; passwords shall be shared with Pretrial Services for monitoring; Defendant may have contact with wife if needed."

    removed computers and other electronic devices (hard drives, tablets, etc.) in the residence at that time.

10. Mr. Bateman's assigned probation officer has been aware of this change and the request to change the residence to the prior marital residence in Bridgewater. Probation has identified through Mr. Bateman's wife the computers/internet capable devices located in the residence, and has confirmed with Ms. Bateman that the devices will be password-protected and not accessible by Mr. Bateman. Ms. Bateman will provide Mr. Bateman's assigned probation officer with these passwords upon request, consistent with the Court's previous direction to Probation in "Attachment A".

11. Mr. Bateman and his wife do not have children either from their marriage or pre-dating their marriage. There are no children present in the residence. The only residents of the home are Ms. Bateman and Mr. Bateman.

12. Mr. Bateman's request is based on a desire to continue his reconciliation with his wife, and to ease the burden on his parents. Most notably, Mr. Bateman is working in the community. There is concern that should he become exposed to COVID-19 while engaged in employment or otherwise, he would risk exposing his elderly parents (both retired) to COVID-19 by his continued presence in their home.

13. Undersigned has conferred with Mr. Bateman's assigned probation officer who confirmed that Probation does not oppose a change of residence to the marital home.

14. Undersigned has conferred with the Government and communicated Probation's position to the Government. The Government does not oppose Mr. Bateman's residence changing to the marital residence.

WHEREFORE, Mr. Bateman respectfully requests that this court amend its Order Setting Conditions of Release to allow Mr. Bateman to reside at his marital home in Bridgewater, at an address known to Probation, and further orders consistent with the Court's December 19, 2019 original order, and any other relief which this Court deems just and proper.

Respectfully submitted,
PAUL BATEMAN,

By his Attorney,

*/s/ Brendan Kelley*
Brendan Kelley
 B.B.O.: 569054
Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

Dated: May 6, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 6, 2020.

*/s/ Brendan Kelley*
Brendan Kelley