UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 20-10012-IT |
| PAUL BATEMAN, | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |
| _____ | ) |

**REPORT IN LIEU OF FURTHER INTERIM STATUS CONFERENCE
PURSUANT TO LOCAL RULE 116.5(b)**

August 4, 2020

Hennessy, M.J.

Defendant is charged in an indictment with one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Defendant was arraigned on January 27, 2020. I scheduled a further interim status conference for August 4, 2020 in Worcester; however, prior to that date, the parties submitted a joint memorandum that obviates the need for the hearing. Accordingly, I cancel the hearing and report as follows:

**Local Rule 116.5(b)(1) through (4)**

The United States reports that it produced automatic discovery and is unaware of any outstanding discovery. The United States is working with defense counsel to arrange the review of forensic materials which contain alleged contraband; arrangements have been delayed and complicated by the COVID-19 pandemic. The parties expect to be able to accomplish this in August. There are no pending discovery requests. Defendant needs additional time to review

discovery to determine whether to serve discovery requests. The court entered a protective order on February 25, 2020.

**Local Rule 116.5(b)(5)**

Defendant is directed to report at the Final Status Conference whether, based on a review of discovery, he will file pretrial motions pursuant to Fed.R.Crim. P. 12(b).

**Local Rule 116.5(b)(6)**

I have allowed the parties' request that expert disclosures, if any, be due twenty-eight (28) days before trial.

**Local Rule 116.5(b)(7)**

Defendant does not intend to raise defenses of insanity, public authority, or alibi.

**Local Rule 116.5(b)(8)**

The Court has excluded the period from January 27, 2020 (the date of Defendant's arraignment), through August 4, 2020 (the date of the further Interim Status Conference). The parties further agree that the period from August 4, 2020 through the Final Status Conference that I have set for September 23, 2020 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that ten days, from the January 16, 2020 filing of the indictment to the arraignment, are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

**Local Rule 116.5(b)(9)**

The parties have initiated plea discussions and anticipate more substantive discussions. Trial is possible and would require one week.

**Local Rule 116.5(b)(10)**

A Final Status Conference will take place in this case on Wednesday, September 23, 2020 at 9:30 a.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. If the parties file a joint memorandum that addresses Local Rule 116.5(c) which obviates the need for the status conference, the Court will waive the status conference. Counsel are encouraged to appear by telephone. If any counsel wishes to appear by telephone, counsel is to contact my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference and provide a landline telephone number at which counsel can be reached.

                                               / s / David H. Hennessy  
                                               David H. Hennessy  
                                               United States Magistrate Judge