UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)  Criminal No. 20-10012-IT<br>PAUL BATEMAN, )<br>)<br>Defendant )<br>)<br>)<br>_____) | |

### ORDER ON EXCLUDABLE TIME

September 23, 2020

Hennessy, M.J.

     I hereby ORDER the exclusion of time pursuant to the below-referenced provision of the Speedy Trial Act from Wednesday, September 23, 2020 (the original date of the Final Status Conference), through Tuesday, December 1, 2020 (the date of the Final Status Conference). I exclude this time pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. Specifically, in accordance with Local Rule 112.2(c) of the Local Rules of the United States District Court for the District of Massachusetts (2019), I find that the parties will need this continuance to arrange and allow Defendant's review of forensic material in the custody of the Government, and for Defendant to consider the need for discovery requests and pretrial motions. I further find that to not grant such a continuance would deny both the United States and

Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

                                                           / s / David H. Hennessy
                                                         David H. Hennessy
                                                         United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).