UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                     )<br>                                                        )   Criminal No. 20-10012-IT<br>PAUL BATEMAN,                        )<br>                                                        )<br>            Defendant                      )<br>                                                        )<br>                                                        )<br>_____ ) | |

## ORDER ON EXCLUDABLE TIME

December 1, 2020

Hennessy, M.J.

     Defendant, having reported that he intends to plead guilty to the Indictment, and having requested a change of plea hearing for such purpose, it is hereby ordered that the period from December 1, 2020 (the date of the Final Status Conference), through the date of the Rule 11 hearing before Judge Talwani, is excluded from the period in which trial of the instant matter must commence, pursuant to 18 U.S.C. § 3161(h)(1).  See, United States v. Dignam, 716 F.3d 915, 925-26 (5th Cir. 2013) (citing cases); United States v. Santiago-Becerrill, 130 F.3d 11, 20 (1st Cir. 1997) ("All of the days between the date a codefendant files a motion for a change of plea and the date of the change of plea hearing itself are excludable."), abrogated

on other grounds, United States v. Barnes, 251 F.3d 251 (1st Cir. 2001).[1]

                          / s / David H. Hennessy
                          David H. Hennessy
                          United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).