UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 20-cr-10012-IT |
| ) | |
| v.      ) | ***LEAVE TO FILE REPLY*** |
| ) | ***GRANTED ON 1/27/22*** |
| ) | |
| PAUL BATEMAN ) | |

### REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

Defendant, Paul Bateman, respectfully submits this reply to the government's Opposition to Defendant's Motion to Suppress to address the government's claim of good faith. The government argues that even if the warrant lacked probable cause, the motion to suppress should still be denied because the officers executing the warrant acted in objective good faith. Govt. Opp., 8-10. Contrary to the government's assertions, the good faith exception does not apply. This Court should suppress all evidence and illegal fruits obtained pursuant to the invalid search warrant for the reasons stated in Mr. Bateman's Motion.

In *United States v. Leon*, the Supreme Court held that the exclusionary rule did not bar "the use in the prosecution's case in chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." 468 U.S. 897, 900 (1984). The Court reasoned that the purpose of the exclusionary rule was to deter police misconduct and that in such a case, "there is no police illegality and thus nothing to deter." *Id*. at 920. The government bears the burden of showing that its officers acted with objective good faith. *United States v. Brunette*, 256 F.3d 14, 17 (1st Cir. 2001), citing *United States v. Vigeant*, 176 F.3d 565, 572 (1st Cir. 1999).

However, *Leon* specifically laid out four limitations to the good-faith exception, two of which apply in Mr. Bateman's case.[1] First, the good faith exception does not apply when officers are dishonest or reckless in applying for the warrant. *Id*. at 923. As argued in Mr. Bateman's Motion, the Agent Squire made material misstatements and omissions regarding (1) the nature, origin, and reliability of the tip, (2) the method used to identify the IP address, and (3) the nature of the relationship between the United States and the FLA(s). *See* Motion to Suppress, 11-26. Those misstatements and omissions were made knowingly and intentionally, or with reckless disregard for the truth.

The First Circuit has held that the good faith exception does not apply when there are "numerous material omissions excluded from—and false and misleading statements included in—the underlying affidavit." *Vigeant*, 176 F.3d at 572. In *Vigeant*, the affiant omitted information regarding the unreliability of the confidential informant from the affidavit. *Id*. at 573-74. The affiant also included false and misleading facts in the affidavit that, if corrected, would have negated a finding of probable cause. *Id*. The myriad omissions and "foundationless conclusions" in the affidavit led the Court to conclude that exclusion of the evidence obtained as a result of the warrant would have a "substantial deterrent effect on the police." *Id*. at 571-75. The same conclusion applies in this case. Excluding the evidence obtained as a result of the warrant would have a deterrent effect because Agent Squire omitted numerous facts from the affidavit and included material misrepresentations, all of which went to the heart of the probable cause analysis. Because Agent Squire was at best reckless and at worst dishonest in applying for the warrant, the good faith exception should not apply.

---

[1] The two other limitations outlined in *Leon* are where the magistrate "wholly abandoned his judicial role" and where a warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923.

The second limitation to the good faith doctrine applies where an affidavit is "so lacking in indicia of probable cause" that reliance on it would be unreasonable. *Leon*, 468 U.S. at 923. Here, the affidavit was, for the reasons outlined in Mr. Bateman's Motion to Suppress, "lacking in indicia of probable cause." *See* Motion to Suppress, 5-11. The good faith exception therefore does not apply and the evidence seized as a result of the warrant must be suppressed.

Respectfully submitted,
PAUL BATEMAN
By His Attorney,

*/s/ Sandra Gant*
Sandra Gant, BBO # 680122
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061

*/s/ Caitlin Jones*
Caitlin Jones, MN ID # 0397519
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Sandra Gant, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on February 3, 2022.

*/s/ Sandra Gant*
Sandra Gant