UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 20-cr-10012-IT |
| ) | |
| v. ) | |
| ) | |
| ) | |
| PAUL BATEMAN ) | |

**DEFENDANT'S MOTION TO RECONSIDER THE COURT'S ORDERS DENYING
DEFENDANT'S MOTION TO SUPPRESS AND MOTION TO COMPEL**

EXHIBIT 12:

Complaint
*United States v. Benjamin Faulkner and Patrick Falte*, 17-cr-00049-JAG (E.D. Va. Oct. 4, 2016)

AO 91 (Rev 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

F I L E
█ - 4 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

United States of America )
v. )
Benjamin Faulkner and Patrick Falte )   Case No. 3:16MJ241
)
)
)

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 1, 2016__ in the county of __Prince William County__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2241(c) | Aggravated Sexual Abuse of a Minor: the defendants did knowingly cross a State line with the intent to engage in a sexual act with a person who has not attained the age of 12 years |

This criminal complaint is based on these facts:

See Attached affidavit of Special Agent Kris Eyler

☑ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:

Jessica D. Aber, Assistant U.S. Attorney

_Complainant's signature_
Special Agent Kristina M. Eyler,
Homeland Security Investigations
_Printed name and title_

Sworn to before me and signed in my presence.

/S/
David J. Novak
United States Magistrate Judge
_Judge's signature_

Date: 10/04/2016

City and state: Richmond, Virginia

Hon. David J. Novak, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Kris Eyler being first duly sworn, do depose and state as follows:

1. I am a Special Agent (SA) of the Homeland Security Investigations (HSI), which was formerly a component of Immigration and Customs Enforcement, and I am assigned to the Child Exploitation Unit, Northern Virginia and Washington, D.C. Internet Crimes Against Children Working Group. I am responsible for enforcing federal criminal statutes involving the sexual exploitation of children under Title 18, United States Code, Section 2251, et seq. I have been employed as a Special Agent of the U.S. Immigration and Customs Enforcement since 2003. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the United States Customs Service Basic Enforcement School, where I received training in the investigation of child pornography. During the course of my duties I have been the investigating officer and affiant of applications for search warrants and arrest warrants relating to federal child pornography investigations.

2. As part of my daily duties, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, advertising, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I have received training in the area of child pornography and child exploitation, and have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.

3. I am familiar with the information contained in this affidavit based upon the investigation I have conducted, facts related to me by other law enforcement officers, and my conversations with other law enforcement officers who have engaged in numerous investigations

1

involving child exploitation and child pornography. I also received information from private citizens as noted herein.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrants and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that a violation of 18 U.S.C. § 2241(c), which makes it a crime to cross a State line with the intent to engage in a sexual act with a person who has not attained the age of 12 years, have been committed by Benjamin Faulkner and Patrick Falte.

6. On or about September 30, 2016, the Homeland Security Investigations (HSI) DC Child Exploitation group received a request for assistance from two other HSI offices. The request was for assistance in surveilling two adult males later identified Benjamin Faulkner and Patrick Falte.

7. As part of this ongoing investigation, agents obtained a warrant authorizing a tracking device for Falte's vehicle in another U.S. district. On September 30, 2016, agents monitored Falte's travel from that district, which is outside the Commonwealth of Virginia, to a residence in Montpelier, Virginia. On that same day, border crossing records show that Faulkner entered the United States from Canada, in a vehicle, at a border crossing in a U.S. state other than Virginia. Agents later observed Faulkner's vehicle at the same residence in Montpelier, Virginia.

8. On October 2, 2016, United States Magistrate Judge David J. Novak, Eastern District of Virginia authorized the search of the premises and vehicles associated with Faulkner and Falte in Montpelier, Virginia.

9. On October 3, 2016, agents executed these searches and located Faulkner and Falte in the premises in Montpelier, Virginia. Faulkner and Falte were read and waived their *Miranda* rights and were interviewed by agents. Both subjects admitted to traveling from outside the Commonwealth of Virginia to the Commonwealth of Virginia and engaging in sexual acts and production of child pornography with a four-year-old minor, along with a third individual, identified as Thomas Gene Hix, who had custody and control of the minor and had provided the minor.

10. During a consensual interview, Faulkner admitted to driving to a residence two days prior (October 1, 2016), later identified as in Manassas Park, in the Eastern District of Virginia, for the purposes of sexually abusing a four-year-old minor. Faulkner stated three adult males were present and/or sexually abused the minor: Faulkner, Falte, and an adult male identified by Faulkner as Thomas Gene Hix. Hix's last known address is the residence identified in Manassas Park, Virginia.

11. Faulkner stated that during the last two weeks, he decided to travel to Montpelier, Virginia, with a friend and contacted Falte to make arrangements to meet with Hix in Manassas Park, Virginia. Faulkner and Falte both communicated with Hix through an online chat program and finalized arrangements to meet.

12. HSI Agents identified, through surveillance, that the vehicles of both Falte and Faulkner were at the same residence in Montpelier, Virginia, in the late evening and early morning hours of September 30, 2016, to October 1, 2016. The morning of October 1, 2016, the GPS tracker on Falte's vehicle indicated he was traveling north. The tracker showed that the vehicle stopped in Fredericksburg, Virginia, drove up to the Washington, DC, area, and then started

3

driving back south around midday. The vehicle stopped at a hotel in Manassas, Virginia, around 1:30 pm on October 1, 2016.

13. Agents observed Falte and Faulkner leave the hotel together in Falte's vehicle on the evening of October 1 to go to dinner. Shortly thereafter, electronic surveillance placed Falte's vehicle outside the Manassas Park residence later identified as belonging to Hix. On October 2, 2016, agents observed Falte and Faulkner leave the hotel together each carrying a bag and placing the bags in the trunk of Falte's vehicle.

14. A preview of Faulkner's laptop computer seized pursuant to the federal search warrant executed in Montpelier, Virginia, showed approximately 30 images and 3 videos of the sexual abuse of a prepubescent minor. The sexual abuse included penetrative contact between an adult penis and the minor's vulva. In addition, Faulkner identified his own hand as depicted in one of the images. Faulkner stated that Hix took some of the videos and images with a video camera that Faulkner brought with him from Canada for this purpose. The images were recorded onto an SD card and Faulkner later transferred them to his laptop. Faulkner stated he deleted the images from the SD card after copying them to his laptop and stored the SD card in his sock, where it was recovered by law enforcement pursuant to the search. Faulkner was shown a photograph known to be Hix, and positively identified him.

15. Faulkner detailed that he and Falte have communicated, through internet-based forums and platforms, with Hix on multiple occasions to prepare for and agree to meet at specific locations, including the residence in Manassas Park, Virginia, for the purpose of sexually abusing the four-year-old minor.

16. Falte also corroborated Faulkner's statements and the sexual abuse and exploitation of the minor child at Hix's residence. During his consensual interview, Falte stated that he met Hix through online websites and forums dedicated to the sexual abuse and exploitation of minors.

17. In these communications, Hix indicated that he had access to a toddler-aged minor. Falte asked Hix to prove this access to a child, and Hix did so through a live video chat with Falte in late 2015. Shortly thereafter, Hix provided sexually explicit images of this minor to Falte and discussed Falte traveling to Manassas Park, Virginia, for the purposes of sexually abusing and exploiting this minor.

18. Falte stated that he traveled from a state outside of Virginia, to Manassas Park, Virginia, in late 2015 and met with Hix at his residence. Hix offered the then three-year-old minor to Falte and indicated that he would permit him to penetrate the minor anally with his penis, whereupon Falte anally penetrated the minor with his penis until the minor complained.

19. After this incident, Falte stated that Hix suggested they invite a third male. Falte introduced Faulkner, whom he knew through several years of online communication on various websites and forums. Falkner, Falte, and Hix agreed to meet at Hix's residence in January 2016 for the purposes of sexually abusing and exploiting this minor.

20. In January 2016, Faulkner traveled from Canada, traveling across multiple states in the United States to arrive in Manassas Park, Virginia. Falte travelled from outside the Commonwealth of Virginia, also meeting in Manassas Park, Virginia. Faulkner engaged in penis-to-vulva contact with the minor, while Falte spread the minor's labia with his hands. Hix documented these sexual assaults by taking photographs that were stored on Faulkner's laptop. During their visit with Hix, Faulkner and Falte stated that they paid for all of Hix's and the minor's meals to thank Hix for arranging for the sexual abuse and exploitation of the minor.

5

21. On October 3, 2016, law enforcement agents conducted a court-authorized search of the Manassas Park, Virginia, address referenced herein. The search confirmed that the residence belongs to Hix. The agents found what appeared to be a minor's bedroom in the residence and children's toys. They also observed in plain view, in the car Hix was driving, clothing that appeared to belong to a minor.

Special Agent Kristina M. Byler
United States Department of Homeland Security,
Homeland Security Investigations

Sworn to and subscribed before me this 3rd day of October, 2016:

by telephone /a

/S/
David J. Novak
United States Magistrate Judge

6