UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 20-CR-10012-IT |
| | ) | |
| PAUL BATEMAN, | ) | |
| | ) | |
| Defendant | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

For the reasons discussed in greater detail below, the government respectfully requests that this Court DENY the defendant's Motion to Reconsider the Court's Orders Denying Defendant's Motion to Suppress and Motion to Compel [filed in redacted format on the public docket on April 26, 2022; hereinafter, "Mot."].

I.  **Relevant Background and Procedural Posture**

The defendant stands charged by indictment in the above-captioned docket with one count each of receipt and possession of child pornography, in violation of 18 U.S.C. § 2252A.  The investigation precipitating these charges began with the execution of a search warrant, issued by Magistrate Judge David H. Hennessy, at the defendant's home on December 12, 2019.  [Doc. 1, ¶ 4; *see* Mot. to Suppress Ex. A, B, C].

The search warrant affidavit, having served as the starting point for the defendant's Motion to Compel Discovery, is familiar to this Court.  [Doc. 85].  It outlines, among other things, information about the Tor network; information about Website A, a child pornography hidden service that operated on the Tor network; information about a tip from the FLA regarding a U.S. IP address that had accessed Website A on a specific date in the past; information tying the defendant to that IP address; information about characteristics common to consumers of child

pornography; and information about the use and evidentiary value of computers in modern child pornography offenses. Mot. to Suppress Ex. A.

The defendant was present at the home when agents executed the search warrant, waived his *Miranda* rights, and made several incriminating statements to agents, including that he had been visiting child pornography websites for 10-15 years and as recently as the week prior to the search and that he used the dark web to access and obtain child pornography. [Doc. 1., ¶¶ 5-6]. During the search, agents located child pornography on an encrypted hard drive. [*Id.*, ¶ 8]. The defendant was arrested and charged by complaint with the above-referenced offenses on that same date. [Doc. 1]. He was subsequently indicted for the same offenses on January 16, 2020, [Doc. 11], and arraigned on January 27, 2020, having previously been released on conditions. [Docs. 9, 17].

The government provided automatic discovery on or about February 24, 2020, [*see* Doc. 21, ¶ 1], which included, among other things, the search warrant and related materials. The case was scheduled for a Rule 11 hearing on February 11, 2021,[1] but, at the request of the defendant, the hearing was canceled. [Doc. 52]. The parties exchanged discovery letters in the months that followed, and the defendant filed a Motion to Compel Discovery on May 25, 2021. [Doc. 76]. The government opposed, [Doc. 81], and following a hearing, the Court denied the motion. [Doc. 85]. In reaching that result, the Court noted that "[a]ll of Bateman's requests are based entirely on speculation that the evidence may show wrongdoing by foreign and domestic law enforcement." *Id.* at 7.

---

[1] The defendant's review of the forensic evidence was significantly delayed because of the restraints on interpersonal interaction designed to mitigate the transmission of COVID-19. *See* Docs. 27, 34, 39.

The defendant filed a Motion to Suppress on December 27, 2021. [Doc. 106]. The Court denied the motion to suppress without a hearing on March 31, 2022, finding that the Magistrate Judge reasonably relied on the FLA's tip in concluding that probable cause existed to issue the search warrant; that the warrant application was not stale; and that there were no material omissions or misstatements by the affiant that would entitle the defendant to a *Franks* hearing. [Doc. 117, Memorandum and Order].

The defendant filed the instant Motion to Reconsider on April 26, 2022, alleging that certain information newly discovered by the defense—including that there are other cases charged in other districts based on tips similar to the one at issue here, that U.S. law enforcement previously investigated Website A, that U.S. law enforcement collaborated with foreign law enforcement in previously investigating dark web sites like and including Website A, that Special Agent Squire had previously observed a dark web site purportedly hosted on the same server as Website A, and speculation that the FBI had a searchable copy of Website A in 2020—demonstrate that U.S. law enforcement was in a joint venture with foreign law enforcement, that the government must have used a NIT to deanonymize a large number of IP addresses, and that the government is in possession of discovery that is material to the defendant's suppression and *Franks* motions. Mot. at 2-10.  The defendant also argues that an affidavit authored by an investigator with the Federal Public Defender's Office for the Western District of New York and filed in connection with litigation in a similar case in that district renders certain portions of the search warrant affidavit here materially misleading such that the affidavit is vulnerable to a staleness challenge. Mot. at 10-11.

**II.     Argument**

    A.  **Legal framework**

As a general matter, federal district judges have plenary authority to reconsider orders. *See El Fenix de P.R. v. M/Y JOHANNY*, 36 F.3d 136, 139 n.2 (1st Cir. 1994). When faced with a motion for reconsideration, district courts "should apply an interests-of-justice test." *United States v. Siciliano*, 578 F.3d 61, 72 (1st Cir. 2009). In employing such a test, the Court must consider the unique facts of the particular case and revise its original decision if it would be unjust to maintain it. *United States v. Gary Lee Sampson*, No. CR 01-10384-MLW, 2015 WL 13333677, at *3 (D. Mass. Nov. 13, 2015). The district court's denial of a motion to reconsider is reviewed for abuse of discretion. *Siciliano* at 72, citing *United States v. Roberts*, 978 F.2d 17, 20-21 (1st Cir. 1992).

    B.  **The Motion to Reconsider Should Be Denied**

The government reincorporates all of its previously pled arguments herein. Against that backdrop, and the Court's adoption of those arguments in denying both the Motion to Compel and the Motion to Suppress, the government respectfully asserts that none of the information included in the defendant's Motion to Reconsider—either individually or collectively—demonstrates that the Court erred in denying either motion.

The Court has already dispensed with the arguments that the FLA may have misrepresented its interference with Bateman's computer (*i.e.*, through the use of a NIT) and that Agent Squire may have misrepresented the nature of the relationship between the U.S. law enforcement and foreign law enforcement with respect to how Bateman's residence was identified as the target of the search that uncovered evidence of his receipt of child pornography. [Doc. 85 at 7; Doc. 117 at 5, 9-10]. The new information included in the Motion to Reconsider does not affect the analysis; it merely adds to the "stack of hypotheticals" that the Court deemed insufficient to trigger

4

additional discovery obligations or require the suppression of evidence lawfully obtained by the government. For example, the fact that other defendants were charged based on similar tips to U.S. law enforcement by the FLA is irrelevant to *how* the FLA obtained the defendants' IP addresses. The defendant has offered no support for its conclusory assertions that the "scale of the investigation" somehow "calls into question not just the methodology used to de-anonymize the IP addresses, but the reliability of [the] methodology," Mot. at 2, and that the "number of cases stemming from the same investigation, and the likely much larger number of IP addresses identified by law enforcement, is further evidence that the investigation involved a NIT." Mot. at 9. The defendant's continued reliance on speculation means that his motion, on this point, must fail, for the same reasons his motions failed in the first instance.

The other examples the defendant offers to demonstrate that the U.S. was engaged in a joint venture with foreign law enforcement are also insufficient to establish that the search warrant affidavit contained materially misleading statements or omissions or otherwise implicate the discovery to which he might be entitled. For instance, the fact that law enforcement was previously aware of, had visited,[2] or had investigated Website A has no bearing on the information contained in the affidavit here – that the FLA had identified the defendant's IP address as having accessed the site on a particular date thereafter, in accordance with its laws, and without interfering with his computer. The fact that the creator of Website A and other individuals active on other dark web sites were identified and prosecuted as a result of separate investigations that involved collaboration between U.S. and foreign law enforcement does not show—as the defendant would have this Court conclude—that the FLA was necessarily, then, engaged in a *joint venture* in this

---

[2] The fact that Agent Squire himself had visited a dark web site that may have been hosted by the same server that hosted Website A, prior to the seizure of the server, shows only that Agent Squire had obtained access to the site in some capacity – nothing more.

case. Agent Squire acknowledged the collaboration between agencies in his affidavit, and this Court rejected the defendant's prior arguments that collaboration amounts to wrongdoing in the instant case. [Doc. 85 at 7; Doc. 117 at 10]. The jump from information sharing to nefarious coordination geared towards subverting the U.S. rule of law is one that this Court cannot make without relying on rank speculation.

Furthermore, the defendant's misinterpretation of information contained in the complaint affidavit outlining charges against a subject in the Southern District of Illinois (see Mot. Sealed Ex. 7) completely undermines a major thrust of his argument that Agent Squire's affidavit was materially misleading. The defendant assumes that the information contained at ¶ 13 of the defendant's Sealed Exhibit 7 was derived from the FBI's access to a searchable copy of the site from the FLA that seized Website A. That assumption is based, like many of his arguments, in speculation; here, that speculation ignores that there are other ways in which an investigative agency might gain access to the content of a dark web site apart from the seizure of the site itself. Speculation is insufficient to establish his burden at this juncture, just as it was in his Motions to Compel and to Suppress.

Finally, reliance on an affidavit filed by an investigator with the Federal Public Defender's Office in a case pending in the Western District of New York advances his position no further than the defendant's in that case; that is, it has no bearing on the veracity or accuracy of the information relayed to the Magistrate Judge in the affidavit. Mot. Ex. 13; *see United States v. Stuart*, 21-cr-00007-LJV-JJM (W.D.N.Y.), Doc. 44 at 5 and n.2 ("the Grant affidavit does not change what [the magistrate judge] had before him when he issued the search warrant, nor does it cause this Court to doubt the veracity of the [search warrant] affidavit"). The fact that a person could find links to dark web child pornography sites like Website A by Googling them (as opposed to learning of them through some other mechanism) does not undermine this Court's analysis that the steps that

an individual would necessarily undertake to access Website A and the type of particularly violent content hosted there naturally support the inference that a visitor to the site was not "innocently surfing the internet." [Doc. 117 at 7]. The defendant's attempt to renew this aspect of his already-denied motion must, therefore, also fail.

### III.     Conclusion

The defendant has failed to establish any basis upon which this Court should reconsider its denials of his Motions to Compel and Suppress. Accordingly, his Motion to Reconsider should be denied.

                                                         Respectfully Submitted,

                                                         RACHAEL S. ROLLINS
                                                         United States Attorney

Date: May 17, 2022                    By:    /s/ Anne Paruti_____
                                                         Anne Paruti
                                                         Assistant United States Attorney
                                                         United States Attorney's Office
                                                         One Courthouse Way
                                                         Boston, MA 02210
                                                         617-748-3100

## CERTIFICATE OF SERVICE

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing in redacted format.

Date: May 17, 2022                           /s/ Anne Paruti
                                             Anne Paruti
                                             Assistant United States Attorney