UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                             )<br>)<br>PAUL BATEMAN,                        )<br>)<br>         Defendant              )<br>_____) | Criminal No. 20-10012-IT |

**ORDER**

January 29, 2024

Hennessy, M.J.

On December 11, 2019, the United States applied for a search warrant for the premises of 17 Heather Lane, Bridgewater, MA 02324. In the Matter of the Search of 17 Heather Lane, Bridgewater, MA 02324, 19-mj-4539-DHH, Docket #1. The United States also moved to seal the search warrant and all related orders and paperwork. Id., Docket #2. In support of its motion, the United States asserted that the public disclosure of those materials at that time could jeopardize the ongoing investigation in that case and may have the adverse result of the destruction of evidence or the intimidation of a potential witness. Id. The undersigned granted the motion. Id., Docket #3.

The search warrant was executed on December 12, 2019. United States v. Bateman, No. 20-cr-10012-IT-1, Docket #1-1 at ¶ 4. On December 12, 2019, Defendant Paul Batemen, owner of the searched premises, was charged with receipt of child pornography and possession of child

1

pornography by criminal complaint. Id. at Docket #1. Batemen was indicted on these same counts on January 16, 2020. Id. at Docket #11. On November 6, 2023, Batemen pled guilty on both counts. Id. at Docket #146. Sentencing is scheduled for February 22, 2024. Id.

On January 14, 2024, Robert White of Louisville, Kentucky, a member of the public, filed a letter with this court seeking to unseal the filings in this matter. In the Matter of the Search of 17 Heather Lane, Bridgewater, MA 02324, 19-mj-4539-DHH, Docket #6. White states that the unsealing of these filings is essential to ensure public confidence in the judicial process and to uphold the democratic principles of transparency and accountability. Id.

The Supreme Court has recognized that the press and the public have a common law qualified right of access to judicial records. Nixon v. Warner Communications, 435 U.S. 589, 597-99 (1978). Federal Rule of Criminal Procedure 41(i) facilitates observance of this right by directing the judicial officer to file all papers relating to a search warrant in the clerk's office. See Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989). The common law qualified right of access to the warrant papers is committed to the sound discretion of the judicial officer issuing the warrant and the judicial officer may deny access to these documents "when sealing is 'essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 65-66 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984)); see Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989) (finding no common law right of access to warrant materials while a pre-indictment investigation is ongoing as it would frustrate the ends of justice).

The parties are hereby directed to file individually or collectively with this court by February 8, 2024, a report addressing whether the materials in <u>In the Matter of the Search of 17 Heather Lane, Bridgewater, MA 02324</u>, 19-mj-4539-DHH, should remain sealed. The parties may file this report under seal and ex parte if necessary.

                                              <u>/ s / David H. Hennessy</u>
                                              David H. Hennessy
                                              United States Magistrate Judge