UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No:  1:20-cr-10012-IT |
| ) | |
| PAUL BATEMAN, ) | |
| ) | |
| Defendant. ) | |

**JOINT REQUEST FOR RESTITUTION**

Now come the parties and respectfully submit the following information regarding the restitution requests made by certain of the defendant's victims pursuant to 18 U.S.C. § 2259 and *Paroline v. United States*, 134 S.Ct. 1710 (2014).

The government has identified victims from known series in the defendant's collection of child pornography. Thirty victims have asked the government to make restitution requests on their behalf. Twenty-nine (29) of these victims have, through counsel, reached agreement with the defendant for a total restitution order of $105,500, as further detailed on the attached chart, filed under seal. See Exhibit A. One of the victims has not submitted information, and the government agrees that there is an insufficient demonstration of this victim's losses to support the request for restitution.

The parties submit that the submissions filed under seal on behalf of all of the represented victims provide a sufficient basis upon which this Court can and should find that the requested awards are appropriate and reasonable in the context of this case. Those submissions include (varying combinations of) legal memoranda, psychological evaluations, and financial impact

assessments. The parties submit that the outlined amounts[1] are reasonable determinations of the losses incurred and reasonably projected to be incurred in the future proximately caused by the defendant's offenses. 18 U.S.C. § 2259(c)(2). The victims' submissions demonstrate that the losses are attributable to the statutory sources, namely medical services, physical and occupational therapy and rehabilitation, transportation, housing, child care, lost income, attorney's fees, and other "relevant losses incurred by the victim." 18 U.S.C. § 2259(c)(2)(A)-(F). The parties submit that the amounts do not represent a "token or nominal amount," but instead each is a "reasonable and [circumscribed] award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role." *Paroline,* supra at 1727. The government therefore requests that this Court order that the defendant pay restitution in the amount of $105,500, as more fully detailed in Exhibit A.

    Respectfully Submitted,

| | |
|---|---|
| PAUL BATEMAN, | ANDREW S. LELLING |
| By his attorney, | Acting U.S. Attorney |
| | |
| */s/ Sandra Gant* | /s/ Anne Paruti |
| Sandra Gant | Anne Paruti |
| BBO #: 680122 | Asst. U.S. Attorney |
| Federal Public Defender Office | One Courthouse Way |
| 51 Sleeper Street, 5th Floor | Boston, MA 02110 |
| Boston, MA 02210 | Tel: 617-748-3100 |
| Tel: 617-223-8061 | |

---

[1] The government submits that the amounts, as originally requested, are appropriate, but understands that legal representatives for certain victims may agree to a lesser amount for varying reasons, including the defendant's financial stability, length of incarceration, and corresponding ability to pay within a certain time period.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing.

|  |  |
|---|---|
| | /s/ Sandra Gant |
| Dated: July 22, 2024 | Sandra Gant |